# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION NO. 5:09-CV-425 (MTT) |
| $11,600.00 IN UNITED STATES FUNDS, ) | |
| Defendant Property, ) | |
| EHAB KUDSI, DIANA KUDSI ) and MANTAS ANDREJEVAS, ) | |
| Claimants. ) | |

## ORDER

This matter is before the Court on the Plaintiff's Motion to Strike for Lack of Standing (the "Motion") (Doc. 19). In the Motion, the Plaintiff argues that Claimants Diana Kudsi and Mantas Andrejevas lack Article III standing to challenge the forfeiture of the Defendant Property to the government. The Claimants did not respond to the Motion. For the reasons set forth below, the Motion is granted.

In a civil forfeiture action, "in order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise there is no case or controversy … capable of adjudication in the federal courts." *United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543 (11th Cir. 1987). If a party is unable to demonstrate that he or she has Article III standing, federal

courts not only lack jurisdiction to consider the party's claim to the defendant property, but they also are unable to entertain any claims that the government lacked the requisite probable cause to seize the property in the first place. See *United States v. $500,000.00 in U.S. Currency*, 730 F.2d 1437, 1439 (11th Cir. 1984). Because a civil forfeiture action is an *in rem* action brought against the property, rather than against the claimant personally, the United States has no burden of proof until the claimant demonstrates that he has a "legally cognizable interest in the property that will be injured if the property is forfeited to the government." *$38,000.00*, 816 F.2d at 1543. "A claimant need not own the property in order to have standing to contest its forfeiture; a lesser property interest, such as a possessory interest, is sufficient for standing." *Id.* at 1544. Generally, in assessing standing, courts look to indicia of dominion and control. *United States v. A Single Family Residence*, 803 F.2d 625, 630 (11th Cir. 1986).

Here, in response to the Plaintiff's Verified Complaint for Forfeiture (Doc. 1), Claimants Diana Kudsi, Ehab Kudsi, and Mantas Andrejevas each filed Claims (Docs. 5-7) and Answers (Doc. 8). The Defendant Property consists of $11,600.00 in U.S. currency. The Claimants allege that $9,600.00 of the $11,600.00 was a gift to Ehab Kudsi from his mother, Diana Kudsi. The remaining $2,000.00 is alleged to have come from Ehab Kudsi's own funds.

According to deposition testimony from Diana Kudsi, it was tradition in the Kudsi family for the parents to purchase a vehicle for the children upon reaching a certain age. Specifically, Diana Kudsi testified that that she withdrew a total of $16,000.00 from a certificate of deposit and gave $9,600.00 of this total to her son, Ehad Kudsi. Although the money was intended to assist her son in purchasing a vehicle, Diana Kudsi testified

that the money was a "gift" in every sense of the word and that he could do "whatever he wanted with it."

The facts here are analogous to those in *United States v. $280,505.00 in U.S. Currency*, 655 F.Supp. 1487 (S.D. Fla. 1986). In that case, the district court held that the mother of a claimant did not have Article III standing to contest a civil forfeiture of the claimant's vehicle, notwithstanding the fact that the mother's name was on the title of the vehicle and the fact that she gave the claimant $8,000.00 to purchase the vehicle. *Id*. at 1495. The court there construed the $8,000.00 payment from mother to son as a gift, and therefore held that the mother had no claim of ownership over the vehicle. *Id*.

Similarly, Diana Kudsi, Ehad Kudsi's mother, has no standing to contest the forfeiture of the Defendant Property. By all accounts, the money was given to Ehab Kudsi as a gift to purchase a vehicle over which he would exercise sole dominion and control. Furthermore, at the time of seizure, Ehab Kudsi possessed the money and exercised dominion and control over the manner in which the money would be spent, if at all. Thus, Diana Kudsi lacks standing and therefore has no right to contest the forfeiture.

The Plaintiff also argues that Claimant Mantas Andrejevas lacks Article III standing to contest the forfeiture. In his Claim (Doc. 7), Andrejevas explicitly states that he "has no legal claim to" the Defendant Property.[1] Thus, by his own admission, Mantas Andrejevas has no right to contest the forfeiture.

---

[1] Claimant Andrejevas' merely contends, as do the other Claimants, that the Defendant Property was given to Ehab Kudsi by his mother.

For the reasons set forth above, the Plaintiff's Motion to Strike is **GRANTED**.

**SO ORDERED,** this 4th day of March, 2011.

                                      <u>S/ Marc T. Treadwell</u>
                                      MARC T. TREADWELL, JUDGE
                                      UNITED STATES DISTRICT COURT